IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**SHERETA L. PEELER,**

      **Plaintiff,**

v.                                                     Case 2:20-cv-02923-JTF-cgc

**SPECIALTY SELECT HOSPITAL,**

      **Defendant.**

---

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant Specialty Select Hospital's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

    **I.**    **Background**

On December 18, 2020, Plaintiff Shereta Peeler filed a *pro se* Complaint alleging that her employment was terminated on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). (Docket Entry ("D.E.") #1). Specifically, she alleges that, after informing the company that her doctor recommended work restrictions due to her pregnancy, she was advised that she had to come back to work "full duty without any restrictions." (Compl. ¶ 10). She alleges that she had been previously allowed to work "light duty" for approximately three to four months due to an injury but was not given that same

opportunity with her pregnancy. (*Id*.) Plaintiff alleges that, on February 7, 2020, she was discharged. (*Id*.)

Before filing her case in this Court, Plaintiff filed a Charge of Discrimination ("EEOC Charge") with the Tennessee Human Rights Commission on June 30, 2020 alleging that her February 2020 discharge constituted discrimination on the basis of sex under Title VII. (D.E. #1-1 at PageID 8). On September 24, 2020, the Equal Employment Opportunity Commission ("EEOC") issued its Dismissal and Notice of Rights ("Right to Sue Letter"). (D.E. #1-1 at PageID 7).[1]

On November 30, 2021, Defendant filed the instant Motion to Dismiss. First, Defendant argues that Plaintiff has not alleged the basic elements of a *prima facie* case of sex discrimination, including that she was qualified for her position and that there was a nexus between her pregnancy and her termination. Second, Defendant argues that the evidence attached to Plaintiff's Complaint as well as the evidence it submitted in support of the Motion to Dismiss can only support the conclusion that she was discharged for non-pretextual, non-discriminatory reasons—namely, that she had excessive absences, failed to comply with the

---

[1] In addition to her EEOC Charge and Right to Sue Letter, Plaintiff's Complaint includes three exhibits. First, it includes a Physician Work Activity Status Report from August 12, 2019, which lists restricted activities following an injury and a hand-written note stating that this is the restriction that was "honored." (D.E. #1-2 at PageID 9). Second, it includes a Work Restriction letter from January 16, 2020 from an obstetrician. (D.E. #1-2 at PageID 11). Finally, it includes a letter from Jennifer Bosley, a Human Resources Manager with Defendant, that advises that she has "not met the minimum requirement to remain in the PRN pool" and that, if she wished to remain employed, she would have to schedule shifts no later than February 7, 2020. (D.E. #1-2 at PageID 10). It further states that, if Plaintiff failed to do so, the letter constitutes a "formal notification of separation of employment with Select Specialty Hospital . . . as of February 3, 2020 due to failure to meet PRN requirements." (*Id*.)

hospital's safe patient handling policy, which resulted in an injury to Plaintiff, and repeatedly failed to communicate with her employer regarding scheduling.[2]

On December 2, 2021 and December 6, 2021, Plaintiff filed two responses to Defendant's Motion to Dismiss, both of which provide further factual discussion of the events leading up to her termination. (D.E. #23). Plaintiff's second response was filed without leave of court and in violation of Local Rule 12.1(b), which authorizes the non-moving party to file one response. On December 16, 2021, Defendant filed its Reply reiterating why it believes her termination was lawful. (D.E. #26). On December 17, 2021, again without obtaining leave of court and in violation of Local Rule 12.1, Plaintiff filed a Sur-Reply, which repeats the factual reasons behind what she believes was a discriminatory discharge. (D.E. #27).[3]

## II. Analysis

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain the following: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and, (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Rule 12(b)(6) of the Federal Rules of Civil

---

[2] Defendant states that the exhibits presented by plaintiff and discussed, *supra*, n.1, were part of Plaintiff's EEOC file. Thus, in support of its Motion to Dismiss, Defendant has attached two documents of its own from that file: (1) its "Memorandum Exhibit A, Select Specialty Hospital's EEOC Response Letter, Dated July 22, 2020" (D.E. #22-2); and, (2) its "Memorandum Exhibit B, Peeler's Disciplinary Action Forms, Attachments from EEOC File, Dates from April 17, 2019 to August 15, 2019" (D.E. #22-3).

[3] Plaintiff is advised that the Local Rules, which may be found at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf, govern the filings in this case. Her two documents filed in violation thereof—a second response and a sur-reply—did not contain any information necessary to resolve the instant motion. Plaintiff is further advised that the Court may not consider future filings made in violation of the Local Rules.

Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

As a threshold issue, both Plaintiff and Defendant have submitted evidence for the Court's consideration. Plaintiff's evidence was filed in support of her Complaint; however, Rule 10(c) states only that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). A "written instrument" pursuant to Rule 10(c) is a document evidencing "legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement. The documents that satisfy this definition consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." *Verna Steverson v. Walmart*, No. 3:19-cv-00140, 2019 WL 3822179, *2 (M.D. Tenn. 2019) (citation

omitted and citing cases). Based upon this understanding of what constitutes a "written instrument," the Sixth Circuit and district courts in this circuit have rejected using attachments to the pleadings under Rule 10(c) as "evidentiary material" to add substantive allegations to a complaint. *Steverson*, 2019 WL 3822179, at *2 (citing *Copeland v. Aerisyn, LLC*, 1:10-cv-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (citing cases)). Thus, it is RECOMMENDED that the documents added to Plaintiff's Complaint should not be considered for purposes of this Rule 12(b)(6) motion.

Defendant has also attached evidence to its Motion to Dismiss to refute the evidence attached to Plaintiff's Complaint. Defendant cites *Weiner v. Klais and Co., Inc.*, 108 F.3d 86 (6th Cir. 1997), for the premise that its documents are proper to consider. However, the *Weiner* court cites Rule 10(c) and explains that, if a plaintiff does not attach a "written instrument," which he or she is not required to do, a defendant may do so. *Id*. at 89. The *Weiner* court additionally states that a defendant may attach documents "referred to in Plaintiff's Complaint or central to her claim." *See Weiner*, 1-8 F.3d at 89 (citation omitted); *see also Gavitt*, 835 F.3d at 640 (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). However, Defendant's exhibits do not meet any of these requirements. Thus, it is RECOMMENDED that the evidence in support of Defendant's Motion to Dismiss should not be considered for purposes of this Rule 12(b)(6) motion.

Turning to a review of Plaintiff's Complaint, her sole claim is for discrimination on the basis of sex pursuant to Title VII. Title VII prohibits employment practices that discriminate based on an individual's sex, 42 U.S.C. § 2000e-2(a)(1), which includes discrimination on the

6

basis of pregnancy, 42 U.S.C. § 2000e(k); *see also Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 657-58 (6th Cir. 2000) (citing cases). Thus, a claim of discrimination on the basis of pregnancy must be analyzed in the same manner as any other sex discrimination claim brought pursuant to Title VII. *Cline*, 206 F.3d at 658.

Ultimately, for a plaintiff to succeed upon a Title VII sex-discrimination claim, there must either be direct evidence of discrimination or the claim must be analyzed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* test first requires Plaintiff to prove a *prima facie* case of discrimination, which would include, *inter alia*, that she was qualified for her job and that there is a nexus between her pregnancy and the adverse employment decision. *Cline*, 206 F.3d at 658. If Plaintiff were to prove her *prima facie* case, it would then be Defendant's turn to articulate a legitimate, non-discriminatory reason for its actions. *Id*.

Defendant has argued that Plaintiff has failed to plead these elements of her prima facie case and further that it will successfully prove that it had a legitimate, nondiscriminatory basis for her termination. However, the *prima facie* case, as well as the subsequent steps of the *McDonnell Douglas* framework, are evidentiary standards, not pleading requirements. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). Defendant has not cited authority requiring that a plaintiff must plead these specific elements.

Specifically, with respect to pleading her qualifications, Defendant cites *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899 (6th Cir. 2003), for the proposition that, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Id*. at 902 (citing *Tahfs v. Proctor*, 316

F.3d 584, 590 (6th Cir. 2003)). However, the *Wittstock* court continued by stating that its statements applied to a claim under 42 U.S.C. § 1983 and required a plaintiff pleading a Section 1983 claim to allege a deprivation of a right by a person acting under color of state law. 330 F.3d at 902. The *Wittstock* decision does not apply to Title VII claims and, even if it did, *Swierkiewicz* would now be the controlling authority.

With respect to her qualifications, Defendant cites *McDonald v. Union Camp Corporation*, 898 F.2d 1155 (6th Cir. 1990) for the premise that she was required to "show" that she was performing her job at a leave that met her employer's legitimate expectations. *Id*. at 1160. That is true at the summary judgment stage, a grant of which was being reviewed by the *McDonald* court; however, *Swierkiewicz* makes clear that it is not true of the pleading stage. With respect to a nexus between her pregnancy and the employment decision and the question of whether a similarly situated employee was treated differently, Defendant also cites a list of cases at the summary judgment stage that do not apply in light of *Swierkiewicz*.

Accordingly, it is RECOMMENDED that Defendant's Motion to Dismiss Plaintiff's Title VII claim for discrimination on the basis of sex be DENIED.

**SIGNED** this 28th day of February, 2022.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**