IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **SHERETA L. PEELER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02923-JTF-cgc |
| ) | |
| **SELECT SPECIALTY HOSPITAL,** ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Specialty Select Hospital's Motion to Dismiss (hereinafter, the "Motion"), filed on November 30, 2021. (ECF No. 22.) *Pro se* Plaintiff Shereta L. Peeler filed *Pro Se* Response in Opposition to Defendant's Motion for Failure to State a Claim on December 6, 2021. (ECF Nos. 23 & 24.) Defendant filed a Reply to Plaintiff's Opposition to Motion to Dismiss on December 16, 2021. (ECF No. 26.) *Pro se* Plaintiff filed a Sureply Response to Defendant's Motion to Dismiss on December 17, 2021. (ECF No. 27.) Pursuant to Administrative Order 2103-05, the motion was referred to the assigned United States Magistrate Judge for Report and Recommendation. On February 28, 2022, Magistrate Judge Charmiane G. Claxton issued a Report and Recommendation to deny Defendant's Motion. (ECF No. 39.) Defendant did not file an objection to the Report and Recommendation. The Court notes that *pro se* Plaintiff Shereta L. Peeler filed a response opposing Defendant's Motion on March 7, 2022. (ECF No. 41.) As explained below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Therefore, Defendant's Motion is **DENIED**.

**FINDINGS OF FACT**

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, the proposed findings of fact in this case. (ECF No. 39, 1-3.) As noted above, Defendant failed to object to the Magistrate Judge's proposed findings of fact.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *See also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

## ANALYSIS

Because the Defendant has not filed any Objections, the Court review the Magistrate Judge's Report and Recommendation for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim under which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Defendant has not filed any objections, and the time to do so has passed.

Defendant argues that *pro se* Plaintiff has failed to plead these elements of her *prima facie* case. (ECF No. 39, 7.) Defendant further argues that it will successfully prove that a legitimate, nondiscriminatory basis for Plaintiff's termination exists. (*Id.*) When construing the complaint in the light most favorable to *pro se* Plaintiff, the Court agrees with the Magistrate Judge that *pro se* Plaintiff has stated a claim of relief that is plausible on its face. As the Magistrate Judge correctly points out, there is a plausible nexus between *pro se* Plaintiff's pregnancy, the employment decision, and whether a similarly situated employee was treated differently. (ECF No. 39, 8.) Upon review of the Magistrate Judge's Report and Recommendation, the Court agrees that Defendant's Motion to Dismiss Plaintiff's Title VII claim for discrimination based on sex should be **DENIED**.

## CONCLUSION

Upon review for clear error, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 39.) Defendant's Motion to Dismiss Plaintiff's Title VII claim for discrimination based on sex is **DENIED**.

**IT IS SO ORDERED** this 27th day of April, 2022.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
