IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHERETA L. PEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02923-JTF-cgc |
| ) | |
| SELECT SPECIALITY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion for Judgment on the Pleadings ("R & R"), submitted September 8, 2022. (ECF No. 53.) Plaintiff Shereta Peeler filed a *pro se* complaint alleging Title VII discrimination on the basis of pregnancy on December 18, 2020. (ECF No. 1.) Defendant Select Specialty Hospital ("Select") filed a Motion for Summary Judgment on April 15, 2022. (ECF No. 42.) Peeler filed a Response on April 19, 2022. (ECF No. 43.) Select filed a Reply on May 2, 2022. (ECF No. 46.) The R & R recommends granting summary judgment due to there being no issue of genuine material fact regarding the legitimacy of Select's offered, non-discriminatory reason for terminating Peeler. Peeler filed objections to the R & R on September 16, 2022. (ECF No. 54.) For the following reasons, the R & R is **ADOPTED**, and Select's Motion for Summary Judgment **GRANTED**.

1

## I. STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The standard of review that is applied by a district court when considering a magistrate judge's proposed findings and recommendations depends on the nature of the matter(s) considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions

under the *de novo* standard."). Where timely, specific objections are filed, the parts objected to are reviewed under a *de novo* standard. *Rugiero v. United States*, 330 F. Supp. 2d 900, 904 (E.D. Mich. 2004). Upon a review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). Again, a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection under Fed. R. Civ. P. 72(b) is filed. *Brown*, 47 F. Supp. 3d at 674. An objection to a magistrate judge's report and recommendation that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection, as required to preserve the right to appeal a subsequent order of the district court adopting the report. *J.A. v. Smith County School District*, 364 F. Supp. 3d 803, 811–12 (M.D. Tenn. 2019).

## II.     FINDINGS OF FACT

The R & R's Proposed Findings of Fact are an accurate representation of the facts taken in the light most favorable to the plaintiff and are hereby **ADOPTED** and are summarized in relevant part below.[1] Peeler's objections to the R & R restate these facts rather than dispute them, while emphasizing her interpretation of them.

---

[1] The Magistrate Judge's recitation of the facts was largely based on Select's Statement of Undisputed Material Facts, as Peeler never properly objected to those facts despite being given multiple opportunities to do so. (ECF No. 42, 3.) Thus, the Magistrate Judge properly concluded that Select's Statement of Undisputed Material Facts should be deemed undisputed for purposes of the motion.

Peeler began working for Select in February 2019 as a certified nursing assistant ("CNA"). (ECF No. 53, 4.) Beginning in April 2019, Peeler began being regularly absent from work. (*Id.*) Select's attendance policy was point based, with an unscheduled absence being worth three points. (*Id.*) Once an employee's record passed twenty points, termination became an option under the policy. (*Id.*) By July 19, 2019, Peeler's record had accrued eighteen points. (*Id.*)

On August 12, 2019, Peeler received a doctor's note recommending light work restrictions due to an injury sustained while improperly moving a patient. (ECF No. 53, 5.) On September 10, 2019, Peeler received a temporary reassignment that complied with her work restrictions, to last for ninety days unless medical necessity required further. (*Id.*) Peeler further reduced her workload on October 4, 2019, when she requested to be put on PRN status, which would require her to work three twelve-hour shifts per month. (*Id.*; ECF No. 54, 3.) Peeler accrued two more absences on November 19 and December 1, 2019, bringing her record to twenty-four points. (ECF No. 53, 5.) However, Select chose not to terminate Peeler at this time and instead merely provided her with a written warning, which they had done numerous times in the past. (*Id.*)

On January 16, 2020, Peeler told Select that she was pregnant and provided another doctor's note that recommended light work restrictions due to the pregnancy. (*Id.*) Select reviewed the restrictions but ultimately determined that there were no open positions that would accommodate all of the doctor's recommended restrictions. (*Id.*) In Peeler's objections, she states that she spoke with Jennifer Bosley, an HR manager, who told her that "she would not honor my doctor note and stated [she] need to return back to work full duty." (ECF No. 54, 3.) Peeler was not terminated at this point. (ECF No. 53, 6.) However, on February 3, 2020, Peeler received a letter from Select stating that she had not scheduled the minimum number of shifts to remain in the PRN pool, and that her continued employment required her to either "log in to schedule shifts

or notify Jennifer Harris, CNO." (*Id.*) If she did not do so, the letter otherwise served as a "formal notice of separation of employment with Select . . . as of February 3, 2020 due to failure to meet PRN requirements." (*Id.*) In her objections, Peeler states that she "was unable to login into [her] workday account to even pick up shifts." (ECF No. 54, 3.) She does not dispute that she did not schedule any more shifts and did not contact Jennifer Harris. As Peeler did not schedule shifts nor contact Harris, Select terminated her "because she did not meet Select's expectations of its employees regarding attendance, safe patient handling, and communication of her desire to remain employed when given a clear deadline to do so." (ECF No. 53, 6.)

### III.  CONCLUSIONS OF LAW

As stated above, a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection under Fed. R. Civ. P. 72(b) is filed. *Brown*, 47 F. Supp. 3d at 674. Peeler did not file any specific objections to the R & R, instead submitting a four-page statement that recounts the facts as stated above. Peeler's main claim through her recitation of the facts is that she was only fired once she told Select that she was pregnant, despite her absences being a known issue before then. Further, she states that Select refused to accommodate her pregnancy-related work restrictions despite accommodating her injury-related work restrictions, which were largely identical. These arguments will be addressed below where relevant.

The Magistrate Judge first found that Peeler had presented no direct evidence of discrimination and consequently analyzed her claims at the summary judgment stage under the test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (ECF No. 53, 9.) The Magistrate Judge found it was undisputed that Peeler was pregnant and subjected to an adverse employment action, but that a genuine issue of material fact existed regarding whether Peeler was qualified for her job, as "the Court may only consider whether the employee was meeting the

employer's legitimate expectations *prior to* becoming pregnant." (*Id.* at 10.) The Magistrate Judge determined that it was possible a fact finder could reach two possible conclusions: either Select considered her qualified despite her attendance issues before her pregnancy, or they considered her unqualified but still employed her for unknown reasons. (*Id.*) Neither Peeler nor Select objected to these possible conclusions. The Court finds no clear error with this determination and **ADOPTS** the Magistrate Judge's recommendation that a genuine issue of material fact existed on this issue of Plaintiff's qualification for the job.

The Magistrate Judge then determined that Select had stated a legitimate, nondiscriminatory reason for terminating Peeler: she had not signed up for the minimum number of shifts required to remain in the PRN pool. This fact is undisputed. Peeler's objections did state that she could not log in to schedule shifts at this time. However, the letter warning her of the impending termination also provided a contact, Jennifer Harris, with whom she could schedule shifts. (ECF No. 54, 3; ECF No. 54-1, 1.) At no point does Peeler dispute that she did not sign up for shifts during this time or that she did not contact Jennifer Harris to schedule additional shifts. Accordingly, the Court finds no clear error and **ADOPTS** the Magistrate Judge's recommendation that Select provided a legitimate, nondiscriminatory reason for Peeler's termination.

Finally, the Magistrate Judge examined whether Peeler could demonstrate that Select's reason for termination was merely pretext for discrimination. The Magistrate Judge determined that Peeler had not shown this reason was pretext. The record shows that Peeler admitted she received the letter telling her of the requirement to either sign up for shifts or call Harris. Peeler claimed that she did not follow its requirements "because she chose not to return to a position that required duties beyond those that her doctor deemed permissible." (ECF No. 53, 13-14.) Peeler's objections could be construed as arguing Select's reason was pretextual, because Select allowed her to work

6

with certain restrictions when she was injured, but not when she was pregnant. (ECF No. 54, 4) ("They denied my doctor's note but honored Concentra light duty work restriction when I got injured on the job"). However, Select stated that they did not have positions that could accommodate or satisfy all of the doctor's recommended restrictions with respect to Peeler's pregnancy, unlike when she was injured.  Peeler did not dispute this. (ECF No. 42-3, 3-4.) Accordingly, the Court finds no clear error and **ADOPTS** the Magistrate Judge's recommendation that there is no genuine dispute of material fact as to whether Select's reason for terminating Peeler was pretextual.

### IV.    CONCLUSION

Accordingly, the Court adopts the Magistrate Judge's report and recommendation that Select's Motion for Summary Judgment be **GRANTED**.

**IT IS SO ORDERED** this 21st day of November, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
